UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Henry R. Terry,<br><br>Plaintiff,<br><br>-v-<br><br>Bank of America, N.A.; PHH Mortgage Corporation s/h/a PHH Mortgage Services; Mortgage Assets Management LLC ("MAM") f/k/a Reverse Mortgage Solutions, Inc. ("RMS"); C&L Service Corporation; National Field Representatives, LLC; U.S. Department of Housing and Urban Development, Jane Does 1-10 and John Does 1-10 (Unknown individuals, agents, or employees acting in concert with named Defendants), individually and jointly,<br><br>Defendants. | 2:25-cv-2625<br>(NJC) (ST) |

**OMNIBUS ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court are ten letter motions and additional replies filed by Henry R. Terry, acting pro se, seeking myriad relief. (*See* Pl. Mots. ECF Nos. 44[1], 49, 51, 54, 55, 56, 58[2], 61, 62, 65.)[3] Defendants Bank of America, N.A. ("BofA"), Mortgage Assets Management LLC ("MAM"), PHH Mortgage Services ("PHH"), Reverse Mortgage Solutions, Inc. ("RMS") (collectively, the "Houser Defendants") and National Field Representatives, LLC ("NFR" and,

---

[1] The letter motions docketed at ECF Nos. 44 and 46 are identical because the letter motion filed by Terry as ECF No. 44 was inadvertently docketed twice. Henceforth, the Court cites only to ECF No. 44.

[2] ECF No. 58 is Terry's second reply to NFR's response to his motions. Terry did not seek leave to file a second reply. Nevertheless, the Court has reviewed the second reply, which largely articulates the same points Terry has already raised in his other filings addressed herein. Accordingly, the second reply has not changed the Court's reasoning.

[3] Terry also filed a letter addressed to counsel for certain of the Houser Defendants. (ECF No. 60.) Terry does not identify any basis for filing this letter on the docket and the Court has stricken it from the record. (*See* Elec. Order, Dec. 17, 2025.)

with the Houser Defendants, "Defendants") have responded to these motions. (*See* ECF Nos. 50, 52, 59, 63.) For the reasons that follow, the Court: (1) grants Terry's request for an extension of time to respond to the motions to dismiss the Amended Complaint through January 21, 2026 (ECF Nos. 44 and 51); (2) denies the request to file separate briefs in opposition to the Defendants' motions to dismiss (ECF No. 44); (3) grants in part the request to enlarge the page limit of his opposition to the Houser Defendants motion to dismiss (*id.*); (4) denies the request for an evidentiary hearing (*id.*); (5) denies the request for the appointment of pro bono counsel without prejudice and with leave to renew at a later stage in these proceedings, if so warranted at such time (*id.*); (6) denies the requests to deem NFR, MAM, & RMS in default (*id.*; ECF Nos. 49, 51, 62); (7) denies the request to strike all Defendants' motions to dismiss (ECF Nos. 49, 51); (8) denies the requests to disqualify "Reed Cohn, Esq. and Houser LLP as counsel for the Bank Defendants" (*id.*); (9) denies the request for "limited jurisdictional discovery" (*id.*); (10) grants the request to "modify[] service requirements" such that Terry's "filing of hard-copy documents with the Clerk of the Court shall constitute valid service . . . via the Court's ECF system" (*id.*); (11) denies the requests to strike the Defendants' motions to dismiss (ECF No. 51); (12) grants leave to reply to the Houser Defendants' November 26, 2025 opposition (ECF No. 50) and deems ECF No. 54 to be Terry's reply; and (13) grants in part Terry's request that NFR "immediately serve all missing documents upon me via email and overnight mail, and to provide proof of such service to the Court" (ECF No. 56).

**Terry shall file any opposition to Defendants' motions to dismiss by January 21, 2026. Terry's opposition shall be no more than forty (40) pages in length and shall address all motions in one brief. Defendants shall serve any reply to their motion to dismiss by February 4, 2026.** There shall be no further extensions and no further briefing on the motions to dismiss

once Defendants serve their replies. **NFR shall serve Terry with its November 7, 2025 motion to dismiss (ECF No. 43) and file a corresponding certificate of service by December 30, 2025. Defendants shall also serve a copy of this Order to Terry at his address of record and shall note such mailing on the docket.**

## BACKGROUND[4]

The Court summarizes the procedural history only as is relevant to the pending motions. On August 27, 2025, the Court set a briefing schedule for Defendants' anticipated motions to dismiss the Complaint. (*See* Elec. Order, Aug. 27, 2025.) On September 12, 2025, the Houser Defendants filed their motion to dismiss the Complaint and, on September 17, 2025, NFR filed its motion to dismiss the Complaint. (Houser Def. Mot. to Dismiss, ECF No. 30; NFR Mot. to Dismiss, ECF No. 31.) Also on September 17, 2025, Terry filed a letter motion (ECF No. 32), requesting: (1) permission to file a late affirmation of service, (2) a 60-day extension of time to amend the complaint, and (3) permission to commence discovery. On September 21, 2025, the Court granted Terry "**one final opportunity** to file an amend complaint by **October 8, 2025**." (Elec. Order, Sept. 21, 2025) (emphasis in original). The Court also ordered that, if Terry "files an amended complaint by **October 8, 2025**, any Defendant may file a motion to dismiss the amended complaint by **October 20, 2025**. If [Terry] chooses not to file an amended complaint, [he] may file any opposition to Defendants' Motions to Dismiss (ECF Nos. 30, 31) by **October 8, 2025**, as set forth in this Court's August 27, 2025 Order." (*Id.*) (emphasis in original).

On September 23, 2025, Terry filed a letter motion (ECF No. 34) requesting an extension of the deadline "to file (1) [his] opposition to the Defendants' pending Motion to Dismiss (ECF

---

[4] Excerpts from the Complaint and Amended Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

3

No. 30) and (2) [his] First Amended Complaint" from October 8, 2025 to October 29, 2025. In granting Terry's letter motion, the Court extended the deadline for him to either file an amended complaint or any opposition to the Defendants' Motions to Dismiss (ECF Nos. 30, 31) through October 29, 2025. (Elec. Order, Oct. 3, 2025.) On October 8, 2025, Terry filed an Amended Complaint against the same original Defendants and added the U.S. Department of Housing and Urban Development, Jane Does 1-10, and John Does 1-10 as defendants.[5] (ECF No. 35.)

On October 10, 2025, given Terry's filing of an Amended Complaint, the Court dismissed the pending motions to dismiss the Complaint (ECF Nos. 30, 31) as moot and reminded Defendants of the briefing schedule previously entered on October 3, 2025 which permitted any Defendant to file a motion to dismiss the Amended Complaint by November 10, 2025. (Elec. Order, Oct. 10, 2025.) On October 17, 2025, the Court granted the Houser Defendants' letter motion for an extension of the thirty-five (35) page limit (ECF No. 36). (Elec. Order, Oct. 17, 2025.) On October 21, 2025, the Court entered the following briefing schedule:

> As per the Court's October 3, 2025 Order, any Defendant may file a motion to dismiss the Amended Complaint by **November 10, 2025**. (Elec. Order, Oct. 3, 2025). Plaintiff shall serve any oppositions to Defendants' motions to dismiss by **December 1, 2025**, and any Defendant who filed a motion to dismiss shall file any reply to their motion to dismiss by **December 15, 2025**. The parties are directed to consult and comply with the Court's Individual Rules. *See* Individual Rule 5.2. Consequently, all briefing shall be filed with the Court no later than December 15, 2025.

(Elec. Order, Oct. 21, 2025.) On October 31, 2025, the Houser Defendants filed their motion to dismiss the Amended Complaint (ECF No. 42) and, on November 7, 2025, NFR filed its motion to dismiss the Amended Complaint (ECF No. 43).

---

[5] Terry has not presented a summons to the Clerk of the Court for these newly added defendants and none have been issued. Terry is reminded of his responsibility to timely serve these defendants in accordance with the requirement of Federal Rule of Civil Procedure 4 and to file proof of such service with the Court.

On November 10, 2025, apparently unaware that NFR had filed its motion to dismiss the Amended Complaint on November 7, 2025,[6] Terry filed a letter motion (ECF No. 44, the "November 10, 2025 Motion") seeking: (1) permission to file separate opposition to the Houser Defendants motion to dismiss and to NFR's motion to dismiss, (2) an extension of the deadline to file opposition to the Houser motion to dismiss through December 26, 2025, (3) an enlargement of the page limitation to fifty (50) pages for his opposition to the Houser Defendants' motion to dismiss, (4) an evidentiary hearing "on the limited issue of the parties' true identities before the Court rules on the MTD," (5) denial of Michael Blaine's motion to withdraw as counsel for BofA, (6) to deem NFR in default for failing to respond to Terry's requests for discovery; and (7) appointment of counsel. (*Id*.) Also on November 10, 2025, Terry filed a second letter motion (ECF No. 46) that is a duplicate of ECF No. 44. (*Compare* ECF No. 44 *with* ECF No. 46.)

On November 13, 2025, the Court ordered Defendants to respond to Plaintiff's November 10, 2025 letter motions (ECF Nos. 44, 46) by November 26, 2025. (Elec. Order, Nov. 13, 2025.) On November 26, 2025, the Houser Defendants filed a letter opposing Terry's letter motions insofar as Terry requested "an evidentiary hearing to determine the 'true identity' of Defendant BANA"[7] and "tak[ing] no position on [Terry's] remaining requests, including his request for an extension to oppose the motion to dismiss to December 26, 2025, the enlargement of page limits,

---

[6] In this regard, Terry's letter reflects: "Defendant National Field Representatives, LLC (NFR) has not yet filed its own anticipated motion to dismiss." (ECF 44 at 3.)

[7] The Houser Defendants also noted that, insofar as Terry challenged attorney Blaine's motion to withdraw as counsel, "that aspect of [Terry's] motion is moot" given the Court's November 10, 2025 Order granted that motion. (ECF 50 at 1-2, citing ECF Text Order dated Nov. 10, 2025.)

5

and permission to file separate oppositions to Defendants' motion and co-defendant National Field Representatives' motion." (ECF No. 50 at 2.)

On November 24, 2025, Terry filed a letter motion (ECF No. 49) seeking to: "1. STRIKE ALL DEFENDANTS' MOTIONS TO DISMISS 2. ENTER DEFAULT AGAINST NFR 3. DISQUALIFY DEFENSE COUNSEL (HOUSER LLP) 4. COMPEL LIMITED DISCOVERY & EXTEND TIME 5. MODIFY SERVICE REQUIREMENTS." (*Id*. at 1.) On November 26, 2025, Terry filed another letter motion (ECF No. 51) also seeking to strike all Defendants' motions to dismiss, to deem NFR, MAM, & RMS in default, and to disqualify defense counsel. (*Id*.) This letter motion also seeks entry of a default judgment against NFR, MAM, & RMS and cross-moves for discovery and sanctions. (*Id*.)

On December 1, 2025, the Court ordered the Defendants to respond to Terry's Motions to Strike, for Default Judgment, to Disqualify Counsel, and for Discovery and Sanctions (ECF Nos. 49, 51) by December 15, 2025. (Elec. Order, dated Dec. 1, 2025.) On December 2, 2025, NFR filed a letter in opposition (ECF No. 52) to Terry's letter motions, and, on December 15, 2025, the Houser Defendants filed a letter in opposition (ECF No. 59) to Terry's letter motions. On December 18, 2025, Terry filed a reply to the opposition (ECF No. 61).

On December 3, 2025, Terry filed a letter motion (ECF No. 54) seeking leave to file a reply to the Houser Defendants' November 26, 2025 letter (ECF No. 50) insofar as it opposed Terry's request for an evidentiary hearing, and attaching his reply therein. On December 4, 2025, and December 10, 2025, Terry filed two replies (ECF Nos. 55, 58) to NFR's December 2, 2025 opposition (ECF No. 52) to Terry's November 24, 2025 motion (ECF No. 51). Also on December 4, 2025, Terry filed a letter apprising the Court that he had not yet received NFR's December 2, 2025 letter motion or NFR's motion to dismiss or amended motion to dismiss and

6

reserving his rights to "amend, supplement, or withdraw my Opposition once NFR cures its default and properly serves me with their filings. (ECF No. 56.) On December 18, 2025, Terry renewed his request for default judgment against NFR (ECF No. 62), to which NFR filed an opposition (ECF No. 63), and Terry filed a reply (ECF No. 65).

## DISCUSSION

The Court is mindful that Terry is proceeding pro se and accordingly, his submissions are liberally construed. *See Benitez v. King*, 298 F. Supp. 3d 530, 542 (W.D.N.Y. 2018) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) ("Plaintiff is a pro se litigant, and the Second Circuit has often instructed that pro se litigants are deserving of 'special solicitude.'")). The Court must give wide latitude to the papers filed by the a pro se litigant. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se papers are to be held "to less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, repetitive submissions and those seeking relief already decided by the Court are an abuse of the judicial process. *In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."). As the above recitation of Terry's submissions since November 10, 2025 reflects, his repetitive and confusing submissions are an abuse of the judicial process. The Court addresses each motion below.

### A. The November 10, 2025 Motion (ECF No. 44) and Reply in Support (ECF No. 54)

In his November 10, 2025 motion, as well as his December 3, 2025 reply in support[8],

---

[8] Terry had sought leave to file this reply, as the Court had only set forth a deadline for Defendants to respond to Terry's motions. The Court grants leave out of an abundance of caution to ensure that the parties have ample opportunity to be heard on all arguments.

Terry seeks: (1) permission to file separate oppositions to the Houser Defendants motion to dismiss and to NFR's motion to dismiss, (2) an extension of the deadline to file opposition to the Houser motion to dismiss through December 26, 2025, (3) an enlargement of the page limitation to fifty (50) pages for his opposition to the Houser Defendants' motion to dismiss, (4) an evidentiary hearing "on the limited issue of the parties' true identities before the Court rules on the MTD," (5) denial of Michael E. Blaine's motion to withdraw as counsel for BofA, (6) to deem NFR in default for failing to respond to Terry's requests for discovery; and (7) appointment of counsel.[9]

As stated above, the Court grants Terry's request for an extension of time to respond to the motions to dismiss the Amended Complaint through January 21, 2026 (ECF Nos. 44 and 51). The Court denies Terry's request to file separate briefs in opposition to the Defendants' motions to dismiss (*id.*) each not to exceed fifty (50) pages (*id.*). Terry shall file one brief, not to exceed forty (40) pages, that addresses both of Defendants' motions. Terry's opposition shall be no more than forty (40) pages in length and shall address all motions in one brief. Defendants shall serve any reply to their motion to dismiss by February 4, 2026. There shall be no further extensions and no further briefing on the motions to dismiss once Defendants serve their replies.

The request for an evidentiary hearing is denied. Upon review of the motions to dismiss and the opposition thereto, should the Court determine that it requires additional information, it shall so apprise the parties.

The request to deny Mr. Blaine's motion to withdraw as counsel is dismissed as moot.

---

[9] Although not addressed in the body of his five-page letter, the last line above Terry's signature says: "'**Motion for Appointment of Counsel**' under 28 U.S.C. § 1915(e)(1) and shows the case is complex and has merit." (ECF No. 44 at 5.) Given that Terry paid the filing fee to commence this action (*see* Receipt No. 200005265), he is not proceeding *in forma pauperis* and has not demonstrated an inability to afford counsel as 28 U.S.C. § 1915(e)(1) requires.

Magistrate Judge Tiscione has already granted the motion and there is no valid basis for contesting the motion. (*See* Elec. Order, Nov. 10, 2025; ECF No. 41.)

The request to deem NFR in default for discovery is denied. Discovery in this case has been stayed pending resolution of the motions to dismiss. (*See* Elec. Order, Oct. 20, 2025.) Contrary to Plaintiff's assertions, the stay order applies to all parties in the case, not only the moving parties who sought to stay discovery. (ECF No. 44 at 3.)

Terry's request for the appointment of pro bono counsel is denied without prejudice and with leave to renew at a later stage in these proceedings. Although the Court understands the benefits of counsel for parties in civil matters, there is no right to counsel in a civil case. *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). Under 28 U.S.C. § 1915(e)(1), courts "may request an attorney to represent any person unable to afford counsel." Here, Terry paid the filing fee and has not submitted the required financial affidavit, making it impossible for the Court to determine whether he is financially qualified for a free lawyer. Following the Court's ruling on the pending motions to dismiss the Amended Complaint, Terry may file a proper motion for the appointment of pro bono counsel, including the financial affidavit, if so warranted at that time. In the meantime, Terry is encouraged to utilize the free resources available at the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse. The Clinic can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the Pro Se Clinic can be conducted remotely via telephone and, to make an appointment, email them at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

## B. The November 24 and 26, 2025 Motions (ECF No. 49, 51) and Replies in Support (ECF Nos. 54, 55, 58), and December 18, 2025 Request for Certificate of Default (ECF No. 62)

The Court addresses the November 24 and 26, 2025 and December 18, 2025 motions together as they seek largely identical relief. In the November motions, Terry seeks: (1) to strike all Defendants' motions to dismiss the Amended Complaint; (2) default judgment against NFR for failure to serve; (3) disqualification of Reed Cohn, Esq. and Houser LLP as counsel for the Houser defendants; (4) granting limited jurisdictional discovery; (5) modifying service requirements to deem Terry's hard-copy documents with the Clerk of Court to constitute valid service. In the November 26, 2025 motion, Terry additionally seeks an extension of time to oppose any motions to dismiss, and additionally seeks default judgment against MAM and RMS for "bad faith evasion of service" and "failure to properly appear or file valid responsive pleadings within the time prescribed by the Federal Rules." (ECF No. 51 at 1, 4, 7–8.) In the December 18, 2025 motion, Terry renews his request for default judgment against NFR.

Terry's requests to strike all Defendants' motions to dismiss are denied. The Court entered a briefing schedule, and Defendants have timely filed their motions in accordance with that schedule. (*See* ECF Nos. 42, 43; Elec. Order, Oct. 21, 2025.)

Terry's requests to deem NFR in default are denied given the August 26, 2025 appearances (ECF Nos. 27-29) and NFR's motions to dismiss (ECF Nos. 31, 43), which were timely filed in accordance with the Court's amended briefing schedules (*see* Elec. Orders, Aug. 27, 2025; Sept. 21, 2025; Oct. 3, 2025).

Terry's request to deem MAM and RMS in default is denied. As noted by the Houser Defendants in their December 15, 2025 response, MAM and RMS timely filed their motion to dismiss on October 31, 2025 (ECF No. 42). Any allegation about evasion of service is

10

contradicted by Defendants' appearances on the docket (ECF Nos. 20, 45). (*See* ECF No. 59 at 6–7.)

The requests to disqualify counsel and for limited jurisdictional discovery are denied. Terry does not provide any valid basis for either request.

Terry's request for an extension of time to oppose any motions to dismiss is duplicative of his prior requests, which this Court has granted.

The request to modify service requirements is granted. As counsel for Defendants have filed notices of appearance on the docket and receive ECF notifications of all filings, the Clerk of Court's ECF notifications shall constitute valid service of Terry's hardcopy filings upon all counsel.

### C. The December 4, 2025 Filings (ECF No. 55, 56)

In the December 4, 2025 filing, Terry opposes NFR's request seeking leave to file its memorandum of law in support of its motion to dismiss Terry's Amended Complaint. (ECF No. 55; *see also* ECF No. 52.) NFR's request and Terry's opposition are made on erroneous grounds and are dismissed. NFR's November 7, 2025 filing correctly attaches the memorandum of law. (*See* ECF No. 43.) The filing was timely filed prior to the November 10, 2025 deadline. Therefore, no request for leave shall be necessary.

Terry's second December 4, 2025 filing states that he has not received either of NFR's motions to dismiss or its December 2, 2025 opposition to Terry's motions. (ECF No. 56.) Two of these three NFR's filings contain a corresponding certificate of service attesting to service upon Terry at his address of record. (*See* ECF No. 52-3; ECF No. 31-6.) The amended motion to dismiss, however, does not contain a certificate of service. In its December 2, 2025 opposition, NFR does not maintain that it mailed a hardcopy to Terry in accordance with this Court's

11

Individual Rules for cases involving pro se litigants. *See* Individual Rule 1.1.1. Terry further states that he "Cannot Know Which Memorandum of Law or Motion Is Now 'Active.'" (ECF No. 58 at 2.) **NFR is therefore directed to serve Terry with its November 7, 2025 motion to dismiss (ECF No. 43) and to file a corresponding certificate demonstrating service on Terry by December 30, 2025.**

## CONCLUSION

For the foregoing reasons, Terry's motions are granted in part and denied in part. **Terry shall file any opposition to Defendants' motions to dismiss by January 21, 2026. Terry's opposition shall be no more than forty (40) pages in length and shall address all motions in one brief. Defendants shall file and serve any reply to their motion to dismiss by February 4, 2026.** There shall be no further extensions and no further briefing on the motions to dismiss once Defendants serve their replies.

**NFR shall serve Terry with its November 7, 2025 motion to dismiss (ECF No. 43) and file a corresponding certificate of service by December 30, 2025.**

In light of the fact that many of Terry's recent motions filed to date have been redundant or without merit, the Court cautions Terry that the filing of additional frivolous motions may lead to sanctions; and, in any event, such motions only delay ultimate case resolution.

**Defendants shall also serve a copy of this Order to Terry at his address of record and shall note such mailing on the docket.**

Although Terry paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
December 23, 2025

                                                                 */s/ Nusrat J. Choudhury*
                                                                  NUSRAT J. CHOUDHURY
                                                                  United States District Judge