**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Henry R. Terry,<br><br>Plaintiff,<br><br>-v-<br><br>Bank of America, N.A.; PHH Mortgage Corporation s/h/a PHH Mortgage Services; Mortgage Assets Management LLC ("MAM") f/k/a Reverse Mortgage Solutions, Inc. ("RMS"); C&L Service Corporation; National Field Representatives, LLC; U.S. Department of Housing and Urban Development, Jane Does 1-10 and John Does 1-10 (Unknown individuals, agents, or employees acting in concert with named Defendants), individually and jointly,<br><br>Defendants. | 2:25-cv-2625<br>(NJC) (ST) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Henry R. Terry, proceeding pro se, commenced this action on May 9, 2025, against numerous defendants. (ECF No. 1.) On December 23, 2025, this Court ruled on ten letter motions (the "December 23 Order") through which Terry sought myriad relief. (ECF No. 66.) Before the Court are: (1) Terry's motion for reconsideration of the December 23 Order (Mot. for Reconsideration, ECF No. 69), and (2) Terry's motion for leave to file a sur-reply in opposition to Defendants' motions to dismiss, which are pending before the Court (ECF No. 80). For the reasons set forth below, Terry's motions are denied.

**LEGAL STANDARDS**

"A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

*Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). In other words, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

This Court is required to construe pleadings "filed by pro se litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). Nevertheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Lomax v. Aegis Funding Corp.*, No. 09-cv-2321, 2010 WL 1633440, at *2 (E.D.N.Y. Apr. 19, 2010); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam).

## DISCUSSION

### A. Motion for Reconsideration

Terry seeks reconsideration of the December 23 Order, in which the Court issued following rulings:

> [T]he Court: (1) grants Terry's request for an extension of time to respond to the motions to dismiss the Amended Complaint through January 21, 2026 (ECF Nos. 44 and 51); (2) denies the request to file separate briefs in opposition to the Defendants' motions to dismiss (ECF No. 44); (3) grants in part the request to enlarge the page limit of his

> opposition to the Houser Defendants motion to dismiss (*id.*); (4) denies the request for an evidentiary hearing (*id.*); (5) denies the request for the appointment of pro bono counsel without prejudice and with leave to renew at a later stage in these proceedings, if so warranted at such time (*id.*); (6) denies the requests to deem NFR, MAM, & RMS in default (*id.*; ECF Nos. 49, 51, 62); (7) denies the request to strike all Defendants' motions to dismiss (ECF Nos. 49, 51); (8) denies the requests to disqualify "Reed Cohn, Esq. and Houser LLP as counsel for the Bank Defendants" (*id.*); (9) denies the request for "limited jurisdictional discovery" (*id.*); (10) grants the request to "modify[] service requirements" such that Terry's "filing of hard-copy documents with the Clerk of the Court shall constitute valid service . . . via the Court's ECF system" (*id.*); (11) denies the requests to strike the Defendants' motions to dismiss (ECF No. 51); (12) grants leave to reply to the Houser Defendants' November 26, 2025 opposition (ECF No. 50) and deems ECF No. 54 to be Terry's reply; and (13) grants in part Terry's request that NFR "immediately serve all missing documents upon me via email and overnight mail, and to provide proof of such service to the Court" (ECF No. 56).

(ECF No. 66 at 1–2.) The Court further cautioned Terry that "[i]n light of the fact that many of Plaintiff's recent motions filed to date have been redundant or without merit . . . the filing of additional frivolous motions may lead to sanctions; and, in any event, such motions only delay ultimate case resolution." (*Id.* at 12.)[1]

In his motion for reconsideration of the December 23 Order, Terry fails to identify any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel*, 729 F.3d at 104. Instead, Terry reiterates many of the same arguments which this Court already addressed in the December 23 Order, including his arguments that Defendant National Field Representatives, LLC never served their motion to dismiss upon him, that he is entitled to jurisdictional discovery, and that he is entitled to pro bono counsel, among other arguments. (*See generally* Mot. for Reconsideration.) In other words,

---

[1] Notwithstanding that clear directive, within two months, Terry filed four more motions (ECF Nos. 69, 72, 74, and 80), prompting this Court to issue an order on February 19, 2026, barring Terry from making further filings in this action without first obtaining leave of court (ECF No. 82).

Terry seeks to "tak[e] a second bite at the apple." *Analytical Survs., Inc.*, 684 F.3d at 52. His claims are without merit. Accordingly, the motion for reconsideration is denied.

**B. Leave to File Sur-Reply**

Terry seeks leave to file a sur-reply in support of his opposition to Defendants' motions to dismiss. (ECF No. 80.) This request is denied. Terry's proposed sur-reply merely reiterates the arguments raised in his opposition and in numerous other motions on the docket. (*See id*., ECF Nos. 46, 58, 73.) As this Court cautioned in its December 23 Order, "Terry's . . . repetitive and confusing submissions are an abuse of the judicial process." (ECF No. 66 at 7.) For this very reason, this Court barred Terry from making further filings on the docket absent leave of court pending resolution of the outstanding motions. (Order, ECF No. 82.)

**CONCLUSION**

For the foregoing reasons, Terry's motions for reconsideration (ECF No. 69) and for leave to file a sur-reply (ECF No. 80) are denied. Terry's motion to file a second amended complaint (ECF Nos. 72, 74) and Defendants' motions to dismiss the Amended Complaint (ECF Nos. 42, 43) remain under advisement.

Although Terry paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
August 26, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge